[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11843
Non-Argument Calendar

_____

D. C. Docket No. 05-00333-CV-CAM-1

PATRICIA C. JOHNSON,

Plaintiff-Appellant,

versus

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
a Virginia corporation,
HOUSEHOLD MORTGAGE SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 24, 2007)**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Patricia C. Johnson appeals pro se the district court's grant of summary judgment for Mortgage Electronic Registration Systems, Inc. ("MERS") and Household Mortgage Services ("Household"). Johnson alleged that Household and MERS had failed to make certain disclosures required by the Truth in Lending Act ("TILA") and sought rescission of her loan and other remedies. 15 U.S.C. § 1601, et seq; 12 C.F.R. § 226.1, et seq. On appeal, Johnson argues that the district court erred in granting summary judgment to MERS on her rescission and fraud claims.

I.

We review a grant of summary judgment de novo, applying the same standard as the district court and viewing all evidence in the light most favorable to the non-moving party. Burton v. Tampa Housing Authority, 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate if the record on file shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

TILA gives a borrower a number of private rights of action, including rescission. 15 U.S.C. §§ 1607, 1635. A borrower can trigger rescission "solely by notifying the creditor within set time limits of [her] intent to rescind." Williams v. Homestake Mortg. Co., 968 F.2d 1137, 1139 (11th Cir. 1992). Under TILA, this

right of rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). TILA also provides an additional specific right to rescission in the face of a judicial or non-judicial foreclosure. 15 U.S.C. § 1635(i)(1). However, this right is subject to the same three-year time limit in § 1635(f). 15 U.S.C. § 1635(i)(1).

## II.

On March 17, 2001, Johnson received a loan from Homegold Financial, Inc., secured by her residence. This loan was transferred to Household, and MERS holds the security deed as "nominee" for Household. Johnson's complaint alleged a right to rescind her mortgage loan agreement and claimed that Household and MERS committed a fraud against her by sending to her an unsigned, unstamped "filed" copy of "Complaint to Foreclose Mortgage."

Johnson sent Household and MERS a letter asserting her right to rescission on September 17, 2004, exactly three years and six months after the closing on her loan. Because this falls outside the three-year time limit, her claim is barred. She also failed to establish the requisite elements to show fraud. Accordingly, the district court did not err by granting summary judgment.

**AFFIRMED.**

3